IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VENESSA GRIEGO,

    **Plaintiff,**

vs.            Civ. No. 16-947 JCH/LF

**MEGAN J. BRENNAN,**
Postmaster General,

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on the Court's request for briefing regarding the question of whether Plaintiff is entitled to a jury trial on her claim under the Family and Medical Leave Act ("FMLA") against the U.S. Postal Service, which is effectively a claim against the United States. After reviewing the parties' briefs and the relevant legal authorities, the Court concludes that Plaintiff has no right to a jury trial on her FMLA claim.

## FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff Vanessa Griego is a current employee of the United States Postal Service ("USPS"). Doc. 14 at ¶ 7. Defendant Megan J. Brennan is being sued in her capacity as U.S. Postmaster General. *Id.* at ¶ 3.

    In her Amended Complaint [Doc. 14], Griego alleges that starting in October of 2005, she held several different positions with the USPS. Griego alleges that she suffers from several disabilities, including chronic migraines and chronic back pain. She further alleges that her spouse is totally disabled. According to the Amended Complaint, in 2012 the USPS assigned her to the graveyard shift, which disturbed her sleep cycle and exacerbated her migraines. Griego

applied for and received leave under the FMLA for her disabilities and her spouse's condition. However, Griego alleges that Defendant then retaliated against her by denying her overtime shifts, refusing to put her on the swing shift, denying her training opportunities and restricting her work hours, despite the fact that Griego's physician had informed Defendant that she had no physical restrictions to perform her job duties. Griego further alleges that Defendant discriminated against her on the basis of her race (Hispanic) and her disabilities. Greigo filed an EEO complaint, which she alleges resulted in further retaliation against her.

In her Amended Complaint, Griego asserts claims for violation of her rights under the FMLA, unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964, disability discrimination in violation of the Rehabilitation Act, and retaliation in violation of the Rehabilitation Act.

On January 17, 2017, the parties filed their Joint Status Report [Doc. 17], which revealed that the parties disagree as to whether Griego is entitled to a trial by jury on her FMLA claim. Accordingly, on January 24, 2017, the Court ordered the parties to brief the question, which they did. *See* Docs. 24 and 26. Since that time, the Defendant has filed a motion for summary judgment. Doc. 35.

## DISCUSSION

As a preliminary matter, the Court notes that the U.S. Postal Service is considered an arm of the executive branch of the U.S. government, and therefore entitled to the protection of sovereign immunity. *See Dolan v. United States Postal Service*, 546 U.S. 481, 483-84 (2006). A suit against the Postmaster General in her official capacity, as here, is treated as a suit against the government employer. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Buford v.*

2

*Runyon*, 160 F.3d 1199, 1201 n.3 (8th Cir. 1998) (suit against postmaster general equates to suit against Postal Service for immunity purposes).

Under the doctrine of sovereign immunity, an action against the United States is barred, and no subject matter jurisdiction exists, if the United States has not explicitly waived its immunity against such a suit. *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *see also U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 744 (2004) ("the Postal Service is part of the Government and that status indicates immunity unless there is a waiver"). When suing the government, the plaintiff bears the burden of showing that the government has waived its sovereign immunity. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 188 (1936); *James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992). "Any waiver of immunity must be 'unequivocally expressed,' and any limitations and conditions upon the waiver 'must be strictly observed and exceptions thereto are not to be implied.'" *Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981) (citations omitted). *See also United States v. Testan*, 424 U.S. 392, 399 (1976) ("It long has been established, of course, that the United States, as sovereign, 'is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit,'" quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)) (modification in *Testan*)).

In *Lehman v. Nakshian*, 453 U.S. 156 (1981), the Supreme Court addressed the circumstances under which the government has consented to be tried by a jury. It explained: "It has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government." *Id.* at 160. The Court noted that the government is immune from suit except to the extent it consents to be sued, and "[t]hus, [that] if Congress waives the Government's immunity from suit . . . the plaintiff has a right to a trial by jury only where that

3

right is one of 'the terms of [the Government's] consent to be sued.' " *Id*. at 160 (quoting *Testan*, 424 U.S. at 399). The Court reiterated that the government's consent must be unambiguous. *Id*. Applying these principles, the Supreme Court concluded that a provision in the Age Discrimination in Employment Act stating that aggrieved federal employees "may bring a civil action in any Federal district court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes" of the act did not provide a jury trial right. *Id*. at 168-69.

Here, Griego has failed to meet her burden to show that the government has unambiguously consented to a jury trial on an FMLA claim. She has pointed the Court to no language in the FMLA or in any judicial precedent that supports a finding of a right to a jury trial in FMLA actions against the United States. Nowhere does she adequately address the central issue of the abrogation of sovereign immunity, or overcome the distinction between the right to a jury against government defendants as opposed to private entities. The case upon which Griego primarily relies, *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 965 (10th Cir. 2002), is inapplicable because the defendant was a private company, not the federal government. Thus, the court's analysis in *Smith* has no bearing here. Griego further contends that she has a right to a jury trial because the Tenth Circuit has not determined that federal employees have no such right. This position misapprehends the applicable standard, shifting it to an assumption that an individual has a right to a jury trial against the government unless there is authority to the contrary. In fact, the opposite is true—absent an affirmative showing of explicit waiver of sovereign immunity, the default is a non-jury trial against the government.

Here, the parties agree that Griego's Title VII and Rehabilitation Act claims are triable to a jury because those statutes provide for jury actions against the United States under their own specific terms, pursuant to amendments made in the Civil Rights Act of 1991, 42 U.S.C. §§

4

1981a(a)(1) (race and national origin discrimination), 1981a(a)(2) (disability discrimination), 1981a(c). Section 1981a(c) provides for jury trials in damages actions under both 1981a(a)(1) and 1981a(a)(2). Section 1981a(a)(1) states that compensatory and punitive damages may be pursued under 42 U.S.C. § 2000e-16, a provision that governs suits against the United States. In contrast, the text of the FMLA does not explicitly abrogate the government's sovereign immunity regarding jury trials in actions brought by federal employees. This statutory recognition of jury trial rights in actions against the United States in Title VII and Rehabilitation Act cases contrasts with the FMLA, a remedial statute similar in purpose in some ways to Title VII and the Rehabilitation Act, but one that courts continue to maintain does not provide for jury rights in actions against the United States. For this reason, federal courts that have examined the issue have concluded that in the absence of an explicit waiver, there is no right to a jury trial for an FMLA claim against the government. *See, e.g., Bonzani v. Shinseki*, 895 F. Supp. 2d 1003, 1011 (E.D. Cal. 2012) ("Because the FMLA does not contain any express provisions granting a right to a jury trial, the government has not consented to a trial by jury in FMLA claims against the government."); *Steinhardt v. Potter*, 326 F.Supp.2d 449, 451 (S.D.N.Y. 2004) (citing *Davis v. Henderson*, 238 F.3d 420, 2000 WL 1828476 (6th Cir. 2000) (unpublished); *Viveros v. Donahoe*, No. 10-cv-8593, 2012 WL 12883966, at *4 (C.D. Cal. May 22, 2012) (unpublished). For the same reasons set forth by these these courts, this Court concludes that Congress has not explicitly granted FMLA claimants the right to a jury trial against the government.

Finally, the Court is unpersuaded by Griego's argument that trying the FMLA claim to the Court while trying the other claims to the jury will result in undue jury confusion. First, this concern can hardly be considered to outweigh the principles of sovereign immunity outlined

herein. Second, the Court is convinced that the trial can be conducted in a manner such that juror confusion can be kept to a minimum.

**IT IS THEREFORE ORDERED** that Plaintiff's FMLA claim will be tried to the Court, and not to a jury.

_____
**UNITED STATES DISTRICT JUDGE**